UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TROY WILLIAM HINDS, | ) | Civ. 10-4177-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION TO |
| | ) | VACATE, CORRECT, OR SET |
| UNITED STATES OF AMERICA, | ) | ASIDE SENTENCE |
| | ) | |
| Respondent. | ) | |

Petitioner, Troy William Hinds, moves to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Hinds is incarcerated at the Victorville Medium Federal Correctional institution in Adelanto, California. Respondent opposes his motion.

**FACTUAL BACKGROUND**

On December 1, 2009, a grand jury indicted Troy William Hinds for conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine. *See* CR 09-40132 (CR Docket) 1. On December 7, 2009, Hinds made his initial appearance and was detained pending trial. CR Docket 4, 6. Hinds pleaded guilty to the indictment on January 29, 2010. CR Docket 14. On April 19, 2010, this court sentenced Hinds to 84 months' imprisonment and 5 years supervised release. CR Docket 20. Hinds did not object to the Presentence

Report (PSR) during his sentencing hearing. CR Docket 19. Hinds did not appeal his sentence.

Hinds filed the current motion on December 29, 2010. In his § 2255 motion, Hinds asserts four grounds for relief. First, Hinds claims his counsel was ineffective because he did not argue that Hinds' criminal history score had been incorrectly calculated. Docket 1 at 5. Hinds asserts that the calculation of his criminal history points was incorrect, claiming that his entire pre-2006 criminal record, which contains convictions occurring from 2001 to 2004, was expunged in April 2006. *Id.* Second, Hinds argues that his advisory guideline range under the Sentencing Guidelines was incorrectly determined because his record was expunged and one of the criminal history points attributed to him was a part of the conspiracy to which he pleaded guilty. *Id.* Hinds' third ground for relief simply restates his second claimed ground for relief. *Id.* at 6. Finally, Hinds claims that his mental capacity was diminished because of his addiction to methamphetamine and that his "addiction is 50%" of the reason for his participation in the conspiracy. *Id.*

## STANDARD OF REVIEW

A § 2255 motion is the "statutory analog of habeas corpus for persons in federal custody." *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987). A federal prisoner may seek relief from his sentence on the grounds that: (1) "the sentence was imposed in violation of the Constitution or laws of

2

the United States," (2) "that the court was without jurisdiction to impose such sentence," or (3) "that the sentence was otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief may be granted under § 2255 only for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Because a § 2255 motion is "not a substitute for direct appeal," *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995), claims Hinds did not raise in the district court or on direct appeal may be procedurally defaulted.

## DISCUSSION

### I. Hinds Did Not Receive Ineffective Assistance of Counsel

Hinds " 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quoting *Apfel*, 97 F.3d at 1076). Whether Hinds' counsel's performance was constitutionally ineffective is determined by the two-part test set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). Under *Strickland*, Hinds must show both that his trial counsel's performance was professionally deficient and that it prejudiced him. *Id.* at 687. Moreover, because of the problems inherent in hindsight analysis, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable

3

professional assistance." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005). To show prejudice, Hinds must demonstrate that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Hinds argues that he received ineffective assistance of counsel because his attorney failed to object to criminal history points for convictions Hinds alleges were expunged from his record. Respondent asserts that Hinds has not demonstrated that his convictions were expunged or that he gave his attorney reason to suspect that his record was expunged, requiring further investigation.

Under the United States Sentencing Guidelines, a record is not expunged unless the conviction was set aside "due to constitutional invalidity, innocence, or mistake of law as required under the Guidelines." *United States v. Townsend,* 408 F.3d 1020, 1025 (8th Cir. 2005) (citing U.S.S.G. § 4A1.2 cmt n.6). *See also United States v. Martinez-Cortez,* 354 F.3d 830, 832 (8th Cir. 2004) ("[C[ourts must count sentences for convictions that, for reasons unrelated to innocence or errors of law, are set aside or for which the defendant is pardoned."). Unless a defendant's convictions were set aside because of his innocence, constitutional invalidity, or errors of law relating to those convictions, even if his record has otherwise been expunged, these convictions still count toward criminal history points calculation. *See United*

*States v. Nelson*, 589 F.3d 924, 925-26 (8th Cir. 2009); *United States v. Lincoln*, 408 F.3d 522, 525 (8th Cir. 2005).

Hinds has not shown either deficient performance or prejudice. He offers only conclusory allegations that "in April of 2006 his record was expunged." Docket 1 at 5. There is no indication that his entire criminal record from 2001 through 2004 has been expunged, much less due to "constitutional invalidity, innocence, or mistake of law." *See Townsend*, 408 F.3d at 1025. In reviewing the records for Hinds' sentencing, United States Probation/Pretrial Services Officer Natalie Kaufman found no indication that his records had been expunged. See Docket 16-1, Affidavit of Natalie Kaufman. Ms. Kaufman interviewed Hinds while preparing the PSR and Hinds did not mention at the time that his record was expunged. *Id.* Moreover, after hearing his current claims, Ms. Kaufman reviewed Hinds' records again and contacted his former state probation officer, and again found no indication that the record was expunged. *Id.* Hinds does not allege that he told his attorney that his records had been expunged or gave him any reason to further investigate Hinds' criminal history. Thus, Hinds fails to show that his attorney did not "exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibited under similar circumstances." *See Apfel*, 97 F.3d at 1076 (quotations omitted).

Nor can Hinds show prejudice. In his motion, Hinds does not articulate how he was prejudiced by his counsel's allegedly deficient performance. He does not, for example, claim he would not have pleaded guilty but for his counsel's deficient performance. *Cf. Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (holding that for a defendant who has pleaded guilty to demonstrate prejudice under *Strickland*, the defendant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial). Nor has Hinds provided any evidence that his record actually was expunged or that the alleged expungement meets the requirements to avoid counting under the Sentencing Guidelines. Because Hinds has failed to show both deficient performance and prejudice, his ineffective assistance of counsel claim fails.

## II.     Hinds' Remaining Claims Are Procedurally Defaulted

Respondent asserts that Hinds' remaining claims are procedurally defaulted. In his second and third grounds for relief, Hinds argues that his criminal history score was incorrectly calculated and therefore the district court incorrectly applied the Sentencing Guidelines in his case. But Hinds had a full and fair opportunity to object to the PSR. *See* CR Docket 19 (Hinds' counsel noting that he reviewed the PSR with his client and had no objections to the PSR). "Due process does not require reconsideration of a sentencing decision where the defendant is given a full and fair opportunity to reveal

6

inaccuracies in the information relied upon by the sentencing court and fails to do so." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985). Any objections Hinds had to the PSR, including his criminal history, should have been raised at sentencing or on direct appeal. *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) (holding that defendant procedurally defaulted his right to challenge district court's classification of a prior conviction by failing to raise the objection at his sentencing hearing and in his initial appeal); *United States v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995) (holding that petitioner's failure to allege that drug was L-methamphetamine rather than D-methamphetamine at the time of sentence or direct appeal procedurally barred the claim); *United States v. Smith*, 876 F.2d 655, 657 (8th Cir. 1989) (holding that petitioner waived argument that PSR contained factual inaccuracies by failing to object and raise the claims at sentencing). Because Hinds did not raise his claim at sentencing, it is procedurally defaulted.

Hinds also argues that one of his criminal history points was part of the conspiracy for which he was convicted. Docket 1 at 5-6. This issue is also procedurally defaulted by Hinds' failure to raise it on direct appeal. *See Auman*, 67 F.3d at 160-61. Even if the issue were not procedurally defaulted, the point that counted against Hinds in his PSR was for possession of marijuana. The indictment to which Hinds pleaded guilty involved a conspiracy to distribute methamphetamine. Furthermore, Hinds was credited

7

with 12 criminal history points, so even if he had one less point, his criminal history category would not have changed, and his advisory guideline range would have remained the same. *See* U.S.S.G. Ch. 5. Pt. A (showing a criminal history category of V for 10, 11, or 12 criminal history points). Thus, Hinds' claim is both procedurally defaulted and without merit.

Hinds' fourth claim is also procedurally defaulted. Hinds claims his mental capacity was diminished because he was a methamphetamine addict and that this addiction was part of the reason he was involved in the conspiracy. Because Hinds did not raise this argument on direct appeal, it is procedurally defaulted, as explained above. Moreover, even if Hinds had raised this argument, it would fail. If a defendant's reduced capacity is due to voluntary drug use, the Sentencing Guidelines do not provide for a downward departure. *See* U.S.S.G. § 5K2.13 ("[T]he court may not depart below the applicable guideline range if . . . the significantly reduced mental capacity was caused by the voluntary use of drugs . . . ."). Thus, Hinds' drug use and addiction is only mitigating evidence, which was included in the PSR and is part of the sentencing record. Accordingly, this claim fails.

### III.   Hinds Is Not Entitled to An Evidentiary Hearing on His Claims

An evidentiary hearing is unnecessary in this case because the motions, files, and records conclusively show that Hinds is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th

Cir. 2010). "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (citations and quotations omitted). Hinds' claims regarding his criminal history calculation are both "contradicted by the record" and "inherently incredible." *See id.* Hinds' claim that his record of five convictions spanning several years time were expunged in April 2006 is inherently incredible, contrary to the findings of the PSR and Ms. Kaufman's affidavit, and supported only by his bare, conclusory allegations. Hinds appears to claim a "global expungement" of his record. For Hinds' claim to prevail, all of his convictions prior to April 2006 for which he received criminal history points would have to have been expunged "due to constitutional invalidity, innocence, or mistake of law as required under the Guidelines." *See Townsend*, 408 F.3d at 1025. Hinds' criminal history points prior to 2006 come from convictions occurring from 2001 to 2004. The span of the convictions alone, in addition to the varying nature of the convictions, make Hinds' claim that his record was suddenly expunged in April 2006, preventing these convictions from counting under the Sentencing Guidelines, "inherently incredible."

Hinds does not show that his record was expunged due to constitutional invalidity, innocence, or mistake of law, and therefore he cannot claim that his counsel was ineffective for not objecting on those grounds. Because Hinds cannot show ineffective assistance of counsel, his claims are procedurally barred. Finally, Hinds' claim may be denied without an evidentiary hearing because his claims are merely conclusory and they "present[ ] no evidence beyond his own allegations to substantiate his claim." *See Noe*, 601 F.3d at 791 (addressing a district court's denial of an evidentiary hearing on a § 2255 petition). Accordingly, it is

ORDERED that Hinds' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket 1) is denied.

Dated October 5, 2011.

                                BY THE COURT:

                                /s/ *Karen E. Schreier*
                                KAREN E. SCHREIER
                                CHIEF JUDGE